# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**
        **Plaintiff,**

    v.                                    Case No. 12-CV-01152

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**et al.,**
        **Defendants.**

## DECISION AND ORDER

According to the April 26, 1996 amendments to 28 U.S.C. § 1915, plaintiff prisoners must pay the entire statutory filing fee of $350, regardless of whether in forma pauperis status is ultimately granted. 28 U.S.C. § 1915(b)(1); <u>Newlin v. Helman</u>, 123 F.3d 429, 432 (7th Cir. 1997), overruled on other grounds by <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000). A plaintiff prisoner is allowed to pay the filing fee in increments according to the formula set forth in § 1915(b)(1). Under this provision, the court assesses an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account; or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint. In this case, I assessed plaintiff an initial partial filing fee of $0.94. Before me now is plaintiff's motion to waive that fee.

"In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). However, "[i]t is not enough that the prisoner lack assets on

the date he files. . . . Section 1915(b)(4) comes into play only when 'the prisoner has no assets <u>and no means</u> by which to pay the initial partial filing fee.' A prisoner with income has periodic 'means' even when he lacks 'assets.'" <u>Newlin</u>, 123 F.3d at 435. Plaintiff asks the court to waive the initial partial filing fee in this case because he claims he has neither assets nor means to pay.

I ordered plaintiff to pay $0.94 because, while the average monthly balance in his account is zero, his prison trust account statement shows that the average monthly deposit into his account is $4.71. The deposits into his account are income from his prison job, but, as plaintiff now points out, he does not have access to these deposits. Whenever money is deposited into his account, it is automatically deducted to pay outstanding federal and state court filing fees unrelated to this case. As a result, the balance remains zero. Since plaintiff has no ability to pay the initial partial filing fee, I will grant his motion and waive the fee. I note, however, that plaintiff still has an obligation to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2).  <u>See</u> 28 U.S.C. § 1915(b)(1).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to waive the initial partial filing fee [DOCKET #8] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of December 2012.


s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:12-cv-01152-LA   Filed 12/19/12   Page 2 of 2   Document 11