# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,
      Plaintiff,

   v.                                          Case No. 12-CV-1152

WISCONSIN DEPARTMENT OF CORRECTIONS,
et al.,
      Defendants.

## SCREENING ORDER

Plaintiff Tony Walker, who is incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the amended complaint,[1] plaintiff sues on behalf of himself and similarly all other similarly situated prisoners. He claims that defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments because they intentionally disregarded procedures for processing crimes he committed in prison, arbitrarily sentenced him to solitary confinement, conspired to deny indigent prisoners access to the courts and equal protection of the laws, failed to give notice of disciplinary hearings, failed to give notice of actual charges in disciplinary proceedings, forced him to choose between adequate out-of-cell recreation and the law library, discriminated against one set of segregated inmates who received less out-of-cell exercise than another set of segregated inmates, exposed him to continuous illumination, and refused him toothpaste on numerous occasions. Plaintiff seeks injunctive relief and monetary damages.

Based on the court's reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may

---

[1] Plaintiff filed a motion to amend the complaint on December 6, 2012 along with a proposed amended complaint. He asserts that the proposed amended complaint details the prospective relief sought and includes one additional paragraph regarding a claims against two defendants. See Fed. R. Civ. P. 15(a)(1).

3

join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

Moreover, the court in George reminded district courts that Federal Rule of Civil Procedure 20 applies as much to prisoner cases as it does to any other case. Id. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that the amended complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will strike the amended complaint submitted on December 6, 2012. Plaintiff will be allowed to file a second amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case may be brought in a separate action.

Plaintiff is advised that if he files a second amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A. He must use the enclosed civil rights complaint form to file his second amended complaint. Plaintiff is advised that he may sue on behalf of himself only—he may not bring this case on behalf of other prisoners, in a class action or otherwise. See Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001); Fed. R. Civ. P. 23(a)(4).

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the

individual defendant caused or participated in a constitutional violation." <u>Vance v. Peters</u>, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. <u>See</u> <u>Pacelli v. deVito</u>, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. <u>Id.</u> Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Plaintiff has also filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007); <u>Luttrell v. Nickel</u>, 129 F.3d 933, 936 (7th Cir. 1997) (citing <u>Zarnes v. Rhodes</u>, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. <u>Pruitt</u>, 503 F.3d at 654; <u>Zarnes</u>, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. <u>Pruitt</u>, 503 F.3d at 654-655 (citing <u>Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own, and plaintiff has provided a detailed complaint setting forth his claims. Therefore, at this juncture it appears plaintiff is competent to litigate this case himself. Accordingly, his motion for appointment of counsel will be denied.

5

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [DOCKET #6] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [DOCKET #10] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the amended complaint submitted on December 6, 2012 is **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file a second amended complaint on or before **March 15, 2013**, which contains only related claims in accordance with this order.

**IT IS FURTHER ORDERED** that if plaintiff does not file a second amended complaint by March 15, 2013 that complies with the requirements of Federal Rules of Civil Procedure 18 and 20, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Pilot Project, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Pilot Project is in effect only at Green Bay Correctional Institution and, therefore, if plaintiff is no longer incarcerated there, he will be required to submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 15th day of February 2013.

>s/ Lynn Adelman
>_____
>LYNN ADELMAN
>District Judge