# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,
      Plaintiff,

  v.                                          Case No. 12-CV-01152

WISCONSIN DEPARTMENT OF CORRECTIONS,
et al.,
      Defendants.

## SCREENING ORDER

Pro se plaintiff Tony Walker filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. I dismissed his first Amended Complaint for improperly attempting to bring unrelated claims against different defendants in the same case, and I allowed him leave to file a Second Amended Complaint incorporating only properly related claims. I also instructed him to use the civil rights complaint form to file his amended complaint. Plaintiff was advised in the prior screening order that he may not bring this case on behalf of other prisoners, in a class action or otherwise. Further, I advised plaintiff that 42 U.S.C. § 1983 "creates a broad cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). This means the doctrines of respondeat superior, collective or vicarious responsibility do not apply to § 1983 claims. Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992).

According to the Second Amended Complaint, plaintiff was at all relevant times confined at Green Bay Correctional Institution ("GBCI"). He alleges claims against the

Wisconsin Department of Corrections ("DOC"); Gary Hamblin, Secretary of the DOC; Charles Cole, Deputy Secretary of the DOC; Cathy Jess, Administrator of the DOC's Division of Adult Institutions; Charles Factor, Corrections Complaint Examiner; Michael Baenen, Warden of GBCI; Sarah Cooper, Deputy Warden of GBCI; Peter Ericksen, Associate Warden of Security at GBCI; Captain Delvaux, Security Supervisor II at GBCI; Captain Schultz, Security Supervisor II at GBCI; William Swiekatowski, Security Supervisor I at GBCI; Officer Walton, Corrections Officer II; Officer Wallace, Corrections Officer II; Amy Basten, Management Services Director; Michael Mohr, Inmate Complaint Examiner at GBCI; Jessica Legois, Financial Specialist; and Catherine Francois, Inmate Complaint Examiner at GBCI. Plaintiff complains that these defendants violated his rights under the First, Fifth, Eighth and Fourteenth Amendments by disregarding the procedures for processing misconduct reports, conspiring to deny prisoners access to courts and equal protection of the laws by denying them legal loans, failing to give notice of disciplinary hearings, failing to give notice of charges in disciplinary hearings, forcing plaintiff to choose between out-of-cell recreation and the law library, discriminating against some segregated inmates who received less out-of-cell exercise than other segregated inmates, exposing him to continuous illumination in his cell and refusing him toothpaste.

The Second Amended Complaint contains the same flaws as the First Amended Complaint. The complaint again joins unrelated claims against several different defendants in violation of Fed. R. Civ. P. 18 and 20. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). It also seeks to hold certain defendants liable for supervisory liability and seeks relief for prisoners other than plaintiff. Additionally, plaintiff failed to follow the instructions in my earlier order which told him to use the civil rights complaint form to file his amended

complaint. As a result, I will strike the Second Amended Complaint and order plaintiff to file a Third Amended Complaint.

I will again screen plaintiff's Third Amended Complaint under 28 U.S.C. § 1915A, which requires a court to screen any complaint brought by a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers

3

"labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**THEREFORE, IT IS ORDERED** that plaintiff's Second Amended Complaint is stricken for failure to comply with the February 12, 2013 Screening Order (Docket #12).

**IT IS FURTHER ORDERED** that plaintiff may file a Third Amended Complaint on or before December 2, 2013, which contains only related claims in accordance with this order. The clerk shall mail a copy of the civil rights complaint form to plaintiff so he can use it to draft his amended complaint.

4

**IT IS FURTHER ORDERED** that, if plaintiff does not file an amended compliant by December 2, 2013, that complies with the requirements of Federal Rules of Civil Procedure 18 and 20, this action will be dismissed for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge